UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JENELLE BUTLER and<br>CREZDON BUTLER, | Case No.: |
| Plaintiffs, | Removed From:<br>Circuit Court of the Eleventh<br>Judicial Circuit in and for<br>Miami-Dade County, Florida |
| v. | |
| STAGE 29 PRODUCTIONS, LLC;<br>STAGE 29 MEDIA PRODUCTIONS, INC.;<br>STAGE 29 ENTERTAINMENT GROUP, LLC;<br>STAGE 29 MEDIA PRODUCTIONS, LLC;<br>CONSTANTINO G. MENDIETA, M.D.;<br>CONSTANTINO G. MENDIETA, M.D., P.A.;<br>4BEAUTY AESTHETICS INSTITUTE, INC.;<br>PERFECTBEAUTY HOLDINGS, LLC;<br>GIANCARLO, LLC d/b/a BELLAGIU<br>SURGICAL CENTER, | Case No.:  2020-000903-CA-01 |
| Defendants. | |

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants STAGE 29 PRODUCTIONS,

LLC; STAGE 29 PRODUCTIONS, INC.; and STAGE 29 ENTERTAINMENT GROUP, LLC

("Stage 29 Defendants")[1] file this Notice of Removal ("Notice") and remove this action from the

Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  Removal is based on diversity

jurisdiction because complete diversity exists between Plaintiffs Jenelle Butler and Crezon Butler

("Plaintiffs"), on the one hand, and each of the Defendants, including the Stage 29 Defendants and

defendants  Constantino  G.  Mendieta,  M.D.,  Constantino  G.  Mendieta,  M.D.,  P.A.,  4Beauty

---

[1] Plaintiffs also purport to name as a defendant "Stage 29 Media Productions, LLC" but there is no juridical entity by that name.

Aesthetics Institute, Inc., PerfectBeauty Holdings, LLC, and Giancarlo, LLC d/b/a Bellagiu Surgical Center (collectively, "Medical Defendants"), on the other, and the amount in controversy exceeds $75,000.00.  In support of this Notice, Stage 29 Defendants state as follows:

<u>**Background**</u>

1.      On January 14, 2020, Plaintiffs filed this lawsuit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No. 2020-000903-CA-0) against Defendants, alleging claims against the Stage 29 Defendants for negligence (negligent selection), negligent breach of voluntary undertaking, and loss of consortium, and alleging claims against the Medical Defendants for negligence (medical malpractice), vicarious liability, and loss of consortium.  The Complaint is attached as Exhibit A.

2.      None of the defendants have been served in this action.

<u>**Removal Is Timely**</u>

3.      Because none of the Plaintiffs defendants have been served, this Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b)(1).

4.      The United States District Court for the Southern District of Florida is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court where the original action was filed and is pending.

<u>**Subject Matter Jurisdiction**</u>

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  <u>See</u> 28 U.S.C. § 1332(a).  None of the Defendants have been served; consequently, consent of each of the served defendants pursuant to 28 U.S.C. § 1446(b)(2)(A) is not required.

### A. Amount In Controversy

6.      The amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.  The Complaint alleges that Plaintiff Jenelle Butler has suffered from "horrendous injuries" that she claims were caused by "medical malpractice" by the Medical Defendants, which she details in the Complaint.  E.g., Compl. at p. 1, ¶¶ 49, 53, 54.  Plaintiffs' claims against the Stage 29 Defendants attempt to hold these defendants responsible for the conduct of the Medical Defendants, alleging theories of "negligent selection" and "negligent breach of voluntary undertaking," because they claim that Plaintiff Jenelle Butler was introduced to the Medical Defendants through her voluntary appearance on the television program "The Doctors," which is produced by Defendant Stage 29 Productions, LLC.  Compl., ¶¶ 55-69.  Prior to filing this lawsuit, in accordance with Florida's pre-suit procedures required for healthcare providers like the Medical Defendants, Plaintiffs have demanded damages of $5,000,000, and at no time have they reduced their demand.  Although the Stage 29 Defendants intend to deny the allegations in the Complaint, there is no doubt that Plaintiffs are seeking to recover damages well in excess of the amount in controversy requirement under 28 U.S.C. § 1332.

7.      Venue is proper in this Court because the state court matter is proceeding in Miami-Dade County, located in this judicial district.  28 U.S.C. § 1441(a).

### B. Diversity of Citizenship

8.      Diversity jurisdiction exists in this case because Plaintiffs are citizens of Georgia, whereas Defendants are citizens of California, Delaware, and/or Florida.

9.      Plaintiff Jenelle Butler is a citizen of Georgia.  Compl. ¶ 3.  Plaintiff Crezdon Butler also is a citizen of Georgia.  Compl. ¶ 4.

4835-1380-9074v.1 0012079-000311

10.      None of the Stage 29 Defendants is a citizen of Georgia (or of Florida, where the underlying case was filed).  Defendant Stage 29 Productions, LLC, is a Delaware corporation, with its principal place of business in California. Defendant Stage 29 Media Productions, Inc., is a Delaware corporation, with its principal place of business in California.  Defendant Stage 29 Entertainment Group, LLC, is a California corporation.  See also note 1.  None of the Stage 29 Defendants has been served.

11.      On information and belief, none of the Medical Defendants is a citizen of the state of Georgia.  Plaintiffs have alleged that each of the Medical Defendants is a resident of the state of Florida (Compl. ¶¶ 13, 15, 16, 17, 18).   On information and belief, none of the Medical Defendants has been served as of the date of this filing.

12.      Because each plaintiff is diverse from each defendant, complete diversity of citizenship exists between Plaintiffs and Defendants.  Because none of the defendants have been served (and, in particular, because none of the Medical Defendants have been served), removal is not barred by 28 U.S.C. §1441(b)(2).

### Conclusion

13.      This Court has subject-matter jurisdiction in this action because (i) complete diversity of citizenship exists between the parties, and (ii) more than the $75,000.00 jurisdictional threshold is at issue.  Accordingly, as the state court lawsuit that is pending in the Eleventh Judicial Circuit for Miami-Dade County, Florida, the Stage 29 Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Southern District of Florida.

14.     The Stage 29 Defendants have additional defenses to this action and do not waive any defenses, including but not limited to the defense that this Court lacks personal jurisdiction over the Stage 29 Defendants, by the filing of this Removal.

15.     True and correct copies of all documents that were filed in the state action are attached hereto as Exhibit "A."

16.     Immediately following this Notice, the Stage 29 Defendants will file a copy of this Notice with the Eleventh Judicial Circuit.

Dated:  January 17, 2020

Respectfully submitted,


*/s/Frederick E. Hasty, III*
Frederick Hasty, III
Wicker Smith O'Hara McCoy & Ford, P.A.
2800 Ponce de Leon Boulevard,
Suite 800
Coral Gables, FL  33134
Tel:  (305) 448-3939

Kelli Sager (*pro hac vice* forthcoming)
Rochelle Wilcox (*pro hac vice* forthcoming)
Davis Wright Tremaine LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017
Tel:  (213) 633-6800

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. [_____]

JENELLE BUTLER and
CREZDON BUTLER,

      Plaintiffs,

v.

STAGE 29 PRODUCTIONS, LLC;
STAGE 29 MEDIA PRODUCTIONS, INC.;
STAGE 29 ENTERTAINMENT GROUP, LLC;
STAGE 29 MEDIA PRODUCTIONS, LLC;
CONSTANTINO G. MENDIETA, M.D.;
CONSTANTINO G. MENDIETA, M.D.,
P.A.; 4BEAUTY AESTHETICS
INSTITUTE, INC.; PERFECTBEAUTY
HOLDINGS, LLC; GIANCARLO, LLC
d/b/a BELLAGIU SURGICAL CENTER,

      Defendants.

_____/

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs, JENELLE BUTLER and CREZDON BUTLER, her husband, sue STAGE 29

PRODUCTIONS, LLC, STAGE 29 MEDIA PRODUCTIONS, INC., STAGE 29

ENTERTAINMENT GROUP, LLC, STAGE 29 MEDIA PRODUCTIONS, LLC,

(collectively "Stage 29" or "Stage 29 Defendants"), CONSTANTINO G. MENDIETA, M.D.,

CONSTANTINO G.  MENDIETA, M.D., P.A., GIANCARLO, LLC d/b/a BELLAGIU

SURGICAL CENTER, 4BEAUTY AESTHETICS INSTITUTE, INC., and  PERFECTBEAUTY

HOLDINGS, LLC, for damages resulting from the horrendous injuries to Jenelle Butler caused by

medical malpractice.  The claims in this lawsuit arise out of the Stage 29 Defendants' negligent

1

**Exhibt A**

selection of Dr. Constantino G. Mendieta to perform Jenelle Butler's restorative plastic surgery in connection with the television show, "The Doctors," and Dr. Mendieta's subsequent negligent treatment of Jenelle Butler while she was a patient at his Miami medical facility. The care and treatment Jenelle Butler received from Dr. Mendieta in connection with her surgery on January 16, 2018 resulted in horrendous injury, disfigurement and scarring, as well as substantial emotional and economic damages.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Jurisdiction and Venue

1.      This is an action arising from medical negligence seeking damages in excess of thirty thousand dollars ($30,000), exclusive of interest, costs, and attorneys' fees. As such, this Court has exclusive jurisdiction pursuant to sections 26.012 and 34.01, Florida Statutes.

2.      Venue is proper in this Court under sections 47.011 and 47.051, Florida Statutes, because the causes of action accrued in Miami-Dade County.

### Parties

3.      Plaintiff JENELLE BUTLER was and is a Georgia resident who sustained severe injuries in Miami-Dade County, Florida on January 16, 2018. At all times material, Jenelle Butler was and is lawfully married to Plaintiff Crezdon Butler.

4.      Plaintiff CREZDON BUTLER was and is a Georgia resident and is the lawful spouse of Plaintiff Jenelle Butler.

5.      At all times material, Defendant STAGE 29 PRODUCTIONS, LLC was and is a California corporation with its principal place of business located at 137 N. Larchmont Boulevard, #705, Los Angeles, California 90004. Defendant STAGE 29 PRODUCTIONS, LLC is subject to jurisdiction in the State of Florida pursuant to section 48.193(1)(a)(2), Florida Statutes because it,

2

acting through its agents, induced Jenelle Butler to undergo surgery in Miami, Florida by a plastic surgeon licensed in Florida, whose negligence severely injured Jenelle Butler in Florida.

6.       At all times material, Defendant STAGE 29 PRODUCTIONS, LLC was and is a television production company; among its filmography was and is a popular television show, "The Doctors." At all times material, as part of its business dealings, particularly in producing "The Doctors" television show, Defendant STAGE 29 PRODUCTIONS, LLC selects various physicians and health professionals for the purpose of administering medical advice, diagnoses, and/or treatments to guests whom Defendant STAGE 29 PRODUCTIONS, LLC invites onto its show.

7.       At all times material, and on information and belief, Defendant STAGE 29 MEDIA PRODUCTIONS, INC. was and is a California corporation with its principal place of business located at 137 N. Larchmont Boulevard, #705, Los Angeles, California 90004. On information and belief, Defendant STAGE 29 MEDIA PRODUCTIONS, INC. is subject to jurisdiction in the State of Florida pursuant to section 48.193(1)(a)(2), Florida Statutes because it, acting through its agents, induced Jenelle Butler to undergo surgery in Miami, Florida by a plastic surgeon licensed in Florida, whose negligence severely injured Jenelle Butler in Florida.

8.       At all times material, on information and belief, Defendant STAGE 29 MEDIA PRODUCTIONS, INC. was and is a television production company; among its filmography was and is a popular television show, "The Doctors." At all times material, and on information and belief, as part of its business dealings, particularly in producing "The Doctors" television show, Defendant STAGE 29 MEDIA PRODUCTIONS, INC. selects various physicians and health professionals for the purpose of administering medical advice, diagnoses, and/or treatments to guests whom Defendant STAGE 29 MEDIA PRODUCTIONS, INC. invites onto its show.

3

9.     At all times material, and on information and belief, Defendant STAGE 29 ENTERTAINMENT GROUP, LLC was and is a California corporation with its principal place of business located at 137 N. Larchmont Boulevard, #705, Los Angeles, California 90004.  On information and belief, Defendant STAGE 29 ENTERTAINMENT GROUP, LLC is subject to jurisdiction in the State of Florida pursuant to section 48.193(1)(a)(2), Florida Statutes because it, acting through its agents, induced Jenelle Butler to undergo surgery in Miami, Florida by a plastic surgeon licensed in Florida, whose negligence severely injured Jenelle Butler in Florida.

10.    At all times material, on information and belief, Defendant STAGE 29 ENTERTAINMENT GROUP, LLC was and is a television production company; among its filmography was and is a popular television show, "The Doctors."  At all times material, and on information and belief, as part of its business dealings, particularly in producing "The Doctors" television show, Defendant STAGE 29 ENTERTAINMENT GROUP, LLC selects various physicians and health professionals for the purpose of administering medical advice, diagnoses, and/or treatments to guests whom Defendant STAGE 29 ENTERTAINMENT GROUP, LLC invites onto its show.

11.    At all times material, and on information and belief, Defendant STAGE 29 MEDIA PRODUCTIONS, LLC was and is a California corporation with its principal place of business located at 137 N. Larchmont Boulevard, #705, Los Angeles, California 90004.  On information and belief, Defendant STAGE 29 MEDIA PRODUCTIONS, LLC is subject to jurisdiction in the State of Florida pursuant to section 48.193(1)(a)(2), Florida Statutes because it, acting through its agents, induced Jenelle Butler to undergo surgery in Miami, Florida by a plastic surgeon licensed in Florida, whose negligence severely injured Jenelle Butler in Florida.

4

12.     At all times material, on information and belief, Defendant STAGE 29 MEDIA PRODUCTIONS, LLC was and is a television production company; among its filmography was and is a popular television show, "The Doctors."  At all times material, and on information and belief, as part of its business dealings, particularly in producing "The Doctors" television show, Defendant STAGE 29 MEDIA PRODUCTIONS, LLC selects various physicians and health professionals for the purpose of administering medical advice, diagnoses, and/or treatments to guests whom Defendant STAGE 29 MEDIA PRODUCTIONS, LLC invites onto its show.

13.     At all times material, Defendant CONSTANTINO G. MENDIETA, M.D. ("Dr. Mendieta") was and is a licensed Florida physician, authorized to practice and practicing medicine and surgery in the State of Florida, with his principal place of business located at 2310 South Dixie Highway, Miami, Florida, 33133.

14.     At all times material, Dr. Mendieta was selected and/or engaged by one or more of the Stage 29 Defendants, by and through their agents, employees, and/or representatives, to offer to perform restorative plastic surgery on Jenelle Butler at his offices in Miami, Florida. Furthermore, one or more of the Stage 29 Defendants featured Dr. Mendieta on "The Doctors" television show for that purpose.  Aided and abetted by one or more of the Stage 29 Defendants, Dr. Mendieta induced Jenelle Butler to allow him to operate on her by offering to perform surgery on her free of charge.

15.     At all times material, Defendant CONSTANTINO G. MENDIETA, M.D., P.A. was and is a Florida professional association, authorized to do and doing business in the State of Florida, with its principal place of business located at 2310 South Dixie Highway, Miami, Florida, 33133.  At all times material, Defendant Constantino G. Mendieta, M.D., P.A. was and is in the business of providing medical services and treatment.  Upon information and belief, Defendant

5

Dr. Mendieta was and is an agent, employee, and/or representative of Defendant Constantino G. Mendieta, M.D., P.A.

16.     At all times material, Defendant GIANCARLO, LLC d/b/a BELLAGIU SURGICAL CENTER ("BELLAGIU") was and is a Florida limited liability company, authorized to do and doing business in the State of Florida, with its principal place of business located at 2310 South Dixie Highway, Miami, FL, 33133.  At all times material, upon information and belief, Defendant Bellagiu was and is in the business of providing medical services and treatment, and Defendant Dr. Mendieta was and is an agent, employee, and/or representative of Defendant Bellagiu.

17.     At all times material, Defendant 4BEAUTY AESTHETICS INSTITUTE, INC. ("4BEAUTY") was and is a Florida corporation, authorized to do and doing business in the State of Florida, with its principal place of business located at 2310 South Dixie Highway, Miami, Florida, 33133.  At all times material, Defendant 4BEAUTY was and is in the business of providing medical services and treatment, and Defendant Dr. Mendieta was and is an agent, employee, and/or representative of Defendant 4BEAUTY.

18.     At all times material, Defendant PERFECTBEAUTY HOLDINGS, LLC ("PERFECTBEAUTY") was and is a Florida limited liability company, authorized to do and doing business in the State of Florida, with its principal place of business located at 2310 South Dixie Highway, Miami, FL, 33133.  At all times material, upon information and belief, Defendant PERFECTBEAUTY was and is in the business of providing medical services and treatment, and Defendant Dr. Mendieta was and is an agent, employee, and/or representative of Defendant PERFECTBEAUTY.

6

19.     Plaintiffs have or will have complied with all conditions precedent to bringing this action.   On October 25, 2019, Plaintiffs sent, via certified mail return-receipt-requested, Defendants Constantino G. Mendieta, M.D., Constantino G. Mendieta, M.D., P.A., and 4BEAUTY each a Notice of Intent to Initiate Litigation For Medical Malpractice ("Notice of Intent") in the form required by section 766.106, Florida Statutes.   On October 28, 2019, Defendants Bellagiu, PerfectBeauty, and their registered agents were each also sent such a Notice of Intent.   On November 12, 2019, each of the Stage 29 Defendants and their registered agents were likewise sent such a Notice of Intent.

20.     Accompanying each Notice of Intent was a sworn corroborating expert affidavit signed by Dr. Alberto Gallerani, M.D., a Florida board-certified plastic surgeon, reflecting verified medical opinions in compliance with sections 766.106(2) and 766.203(2), Florida Statutes.   Dr. Gallerani examined Jenelle Butler before Dr. Mendieta operated on her as well as afterwards, to repair the damage done.   Dr. Gallerani has attested therein that there are reasonable grounds to initiate an action for medical malpractice based on the conclusion that Dr. Mendieta deviated from the standard of care for reasonably prudent similar health care providers in multiple respects.

21.     Plaintiffs Jenelle Butler and Crezdon Butler, by and through their undersigned counsel, certify that a reasonable pre-suit investigation of this case has been undertaken that gives rise to a good faith belief that grounds exist to commence this civil action against Defendants.

### Plaintiff Jenelle Butler and Her Successful Online Fitness Business

22.     By 2018, Plaintiff Jenelle Butler had built her own successful personal-fitness business based around her personal brand of a healthy lifestyle that incorporated rigorous fitness classes, her own trademarked clothing line (Bodied™), health advice, corporate partnerships (e.g., Sweet Sweat), and a prominent online presence through social media.

7

23.     Since the inception of Jenelle Butler's fitness business, she has developed a following of clients and hundreds of thousands of followers on social media and garnered praise for her physical fitness and dedication to a healthy lifestyle, which she had demonstrated by regularly posting videos showing her own workout routines, classes, and results.  Jenelle Butler also takes care of her three children—an important facet of her personal brand, as many have lauded her methods as an excellent example of successful fitness routines that allow a mother of three to remain incredibly athletic and active.

24.     In or around 2017, Jenelle Butler decided she wanted to address the sole regret she held about her body for several years: that in 2010, she had made "a young, dumb decision" to have silicone injected into her buttocks.

25.     Later, as part of her relentless dedication to a healthy lifestyle, and in an effort to set a good example for her thousands of followers, Jenelle Butler chose to have these artificial enhancements removed.

26.     Jenelle Butler was public and open about her plan to have corrective surgery and her regret over her prior decision.  Many recognized her as courageously setting an example for other women who had regrettably received silicone injections in their buttocks.

**The Stage 29 Defendants Offer to Feature Jenelle Butler's Story on "The Doctors" Show**

27.     When a Stage 29 producer learned of Jenelle Butler's intention to undergo corrective surgery and her interest in publicly sharing her story to inspire others, a Stage 29 Defendant contacted Jenelle Butler.  The producer offered Jenelle Butler the opportunity to appear on the television program, "The Doctors," which features a team of medical professionals (and sometimes celebrity guests) discussing and dispensing advice on a range of health and medical topics, often while chronicling real-life stories.

8

28.     Jenelle Butler accepted the invitation to participate in the show, viewing it as a wonderful opportunity to share her story for the benefit of other women and to simultaneously enhance her personal brand at the core of her business.

29.     Shortly afterwards, one or more Stage 29 Defendants flew Jenelle Butler to Los Angeles for filming.  The Stage 29 Defendants represented to her in writing that any diagnostic or treatment procedures undertaken in connection with "The Doctors" "will be conducted within and according to the appropriate professional standards[.]"

30.     At the request of one or more of the Stage 29 Defendants, a physician who regularly appears on "The Doctors," Andrew Ordon, M.D., conducted an initial evaluation of Jenelle Butler. As part of this process, Dr. Ordon sent Jenelle Butler to have a scan of her buttocks and reviewed the images. Upon information and belief, Dr. Ordon was at all times material an agent, employee, and/or representative of the Stage 29 Defendants.

**The Stage 29 Defendants Select Dr. Mendieta to Offer to Perform Jenelle Butler's Surgery**

31.     Prior to flying Jenelle Butler to California for filming, the producer of one or more of the Stage 29 Defendants contacted Miami-based plastic surgeon, Constantino Mendieta, M.D., to see if he would be interested in performing her silicone-removal surgery in exchange for, at a minimum, appearing as a featured medical expert on "The Doctors."  Dr. Mendieta accepted the offer.

32.     Jenelle Butler was not informed, prior to the filming, that she would be introduced to a plastic surgeon who would offer her a complimentary silicone-removal surgery.

33.     While on the air, the host of "The Doctors" surprised Jenelle Butler by introducing her, through video teleconference, to a friend of Dr. Ordon's who expressed that he would like to perform her surgery:  Dr. Mendieta.

9

34.     The host of "The Doctors" then informed Jenelle Butler that Dr. Mendieta would do the surgery free-of-charge.   *See* https://www.thedoctorstv.com/videos/fitness-coach-shares-warning-about-butt-injections, at 2:18 (accessed January 14, 2020).

35.     Jenelle Butler expressed to the Stage 29 producer that she preferred to use the plastic surgeon whom she had previously consulted, Dr. Alberto Gallerani, who also happens to practice in Miami.  She was uneasy about using a surgeon she had never heard of, and whose website did not show any "before/after" photographs of his gluteal-silicone-removal procedures.

36.     The Stage 29 producer responded that the procedure would only be free of charge if Jenelle Butler went with Dr. Mendieta.

37.     In reliance on the reputation of "The Doctors," Jenelle Butler reluctantly agreed to place herself in the care of a surgeon whom she had never met in-person.

### Dr. Mendieta Commits Medical Malpractice On Jenelle Butler

38.     The Stage 29 producer paid for Jenelle Butler to travel from her home in Atlanta, Georgia to Miami, Florida to be treated at the shared medical offices of Defendants 4Beauty Aesthetics Institute, Inc., Constantino Mendieta, M.D., P.A., Perfect Beauty Holdings, LLC, and/or Giancarlo, LLC d/b/a Bellagiu Surgical Center.

39.     Prior to performing the surgery, Dr. Mendieta did not record an accurate diagnosis for Jenelle Butler in any medical records, nor did he record in her medical records that he personally reviewed any MRI films of her buttocks in advance of the surgery.

40.     Prior to the surgery, Dr. Mendieta instructed Jenelle Butler to take Arnica, even though that substance is known to cause bleeding.

41.     On January 16, 2018, Jenelle Butler underwent surgery by Defendant Dr. Mendieta at the above medical offices.

42.     The surgery was filmed and photographed by a Miami-area film crew arranged and paid for by one or more of the Stage 29 Defendants who are in possession, custody, and/or control of the video footage and other photographic documentation but have refused to share it with Jenelle Butler.

43.     As Dr. Gallerani has opined under oath, Dr. Mendieta failed to follow appropriate professional standards for a plastic surgeon in Florida in numerous ways during his treatment of Jenelle Butler, including that:

   a.   Dr. Mendieta used the opportunity to appear on "The Doctors" to showcase a high-risk surgical procedure on Jenelle Butler that was both unnecessary and diverged from the procedure for which he obtained her written consent;

   b.   Dr. Mendieta negligently and inadequately warned and informed Jenelle Butler prior to surgery;

   c.   Dr. Mendieta failed accurately to diagnose Jenelle Butler prior to the surgery;

   d.   Dr. Mendieta failed to review Jenelle Butler's MRI films prior to the surgery in order to develop a "roadmap" for where incisions would need to be made to maximize access to the silicone with the least amount of surgical cutting;

   e.   Dr. Mendieta failed to adequately determine where to make gluteal incisions before performing Jenelle Butler's surgery;

   f.   During surgery, Dr. Mendieta cut too many of Jenelle Butler's vessels that supply critical blood flow to the gluteal area; and

   g.   The locations where Dr. Mendieta made incisions during Jenelle Butler's surgery foreseeably compromised the blood flow to the area.

44.     As a direct and proximate result of Dr. Mendieta's negligent medical treatment, Jenelle Butler predictably experienced tremendous tissue necrosis (death) in her gluteal region.

45.     As a direct and proximate result of these conditions caused by Dr. Mendieta's negligent treatment, Jenelle Butler lost excessive amounts of blood, necessitating a transfusion of three units of blood at a Miami hospital the next day.

11

46.     Within two weeks of the surgery, Jenelle Butler suffered substantial tissue necrosis, leaving her with huge areas of dead, transferred fat tissue and surrounding tissue, tunneling down into her gluteus.

47.     Almost two months after the surgery Jenelle Butler still had large open wounds. When the large open wounds finally closed, Jenelle Butler was left with severe scarring and disfigurement.  Jenelle Butler has already had to undergo three reconstructive surgeries.

48.     If Dr. Mendieta had performed the surgery over the course of several sessions, with an appropriately conservative approach to the incisions, Jenelle Butler would not have had to receive blood transfusions, suffered the extensive tissue-death, experienced the agony of dealing with those deep and open wounds for months, or been left with such horrendous scarring and disfigurement.

49.     The negligently performed surgery left Jenelle Butler in a state of misery and depression.  The wounds left her unable to perform basic daily activities for extended periods of time.  For instance:

    a)   She was unable to sit on a toilet for three to four months and instead had to urinate into a cup while standing;

    b)   She had to be connected to a wound vacuum for several months, which suctioned the fluid from the wounds;

    c)   She made seven separate visits to wound care clinics for debridement of the dead tissue;

    d)   She could not bathe normally;

    e)   She could not sit with or carry her toddler for approximately five months;

    f)   Nor could she drive a car, and when she rode as a passenger, she had to lie on her stomach;

    g)   She was relegated to constant home-care by a nurse and/or her husband;

12

h)  She was unable to cook, clean her home, or take care of her children for nearly six months;

i)  She was unable to have sexual intercourse with her husband for eight months; and

j)  She became depressed to the point that she even contemplated suicide.

50.     When the wounds finally closed three months post-surgery, she was left with striking disfigurement and scarring.

51.     In selecting and recommending Dr. Mendieta for Jenelle Butler's surgery, Stage 29 knew or should have known that Dr. Mendieta presented a higher than acceptable risk of harm to a patient like Jenelle Butler.  Stage 29 knew or should have known of a series of prior complaints of malpractice by Dr. Mendieta, including allegations that: (a) in 2013, Dr. Mendieta performed a similar gluteal-implant-removal surgery that resulted in infection, the amputation of the patient's hands and feet, and—according to an official autopsy report—ultimately the patient's death;[1]  (b) in 2012, a patient sued Dr. Mendieta for leaving part of a medical instrument inside her breast;[2] and (c) in 2007, a third patient alleged that Dr. Mendieta inserted a facial implant, without the patient's permission, that resulted in infection and disfigurement.[3]  The Stage 29 Defendants could have discovered additional lawsuits alleging medical malpractice against Dr. Mendieta by searching the online public records of the Miami-Dade County Clerk of Courts.

52.     None of the Defendants, including the Stage 29 Defendants, warned Jenelle Butler prior to her surgery of any allegations or concerns regarding Dr. Mendieta's surgical track record.

53.     As a direct and proximate result of Defendants' actions and omissions, Jenelle Butler suffered serious injuries and losses, and will continue to suffer such injuries and losses in

---

[1] *See* https://www.miamiherald.com/news/local/community/miami-dade/article1956258.html

[2] *See Pineda v. Mendieta*, No. 12-024742 CA 01 (Fla. Cir. Ct. Miami-Dade Cty. 2012)

[3] *See Garibaldi v. Mendieta*, No. 07-030352 CA 01 (Fla. Cir. Ct. Miami-Dade Cty. 2007)

13

the future, including, but not limited to, bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, lost earnings and earning capacity, loss of capacity for the enjoyment of life, medical expenses, and other damages.

54.     As a direct and proximate result of Defendants' actions and omissions, Crezdon Butler, plaintiff's husband, has suffered the loss of consortium of his wife.

**COUNT I**
**NEGLIGENT SELECTION**
**(AGAINST ALL "STAGE 29 DEFENDANTS"[4])**

55.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

56.     At all times material, one or more of the Stage 29 Defendants were responsible for selecting or recommending the plastic surgeon to perform Jenelle Butler's gluteal-silicone-removal procedure in connection with her appearance on "The Doctors" show.

57.     At all times material, one or more of the Stage 29 Defendants owed a duty to Plaintiffs to exercise reasonable care in selecting or recommending a competent plastic surgeon to provide services to Jenelle Butler under the appropriate professional standard of care and without posing a higher than acceptable risk to her.

58.     This duty included, but was not limited to, properly vetting and investigating the performance history, competence, and prudence of the doctor(s) they selected for or recommended to guests of "The Doctors" to perform medical treatment in a reasonably safe manner, so as to prevent any unreasonable risk of harm to them and, in particular, to Jenelle Butler.

59.     On information and belief, one or more of the Stage 29 Defendants knew that if they arranged for a doctor to offer an expensive surgical procedure to a guest of the show free of

---

[4] The "Stage 29 Defendants" consist of Stage 29 Productions, LLC, Stage 29 Media Productions, Inc., Stage 29 Media Productions, LLC, and Stage 29 Entertainment Group, LLC.

charge, there was a high likelihood that the guest would accept that offer, and do so in reliance on the endorsement of one or more of the Stage 29 Defendants and their agents or employees.

60.     Prior to one or more of the Stage 29 Defendants' selection of Dr. Mendieta to perform Jenelle Butler's procedure, they knew or should have known of numerous allegations which had been made against Dr. Mendieta of carelessness and departures from the applicable standard or care in performing surgical procedures.

61.     One or more of the Stage 29 Defendants breached the duty they owed to Plaintiffs by, among other things:

    a.  Selecting and/or recommending Dr. Mendieta to perform Jenelle Butler's procedure when they knew or should have known he posed an unacceptable risk of failing to adhere to the appropriate professional standard of care;

    b.  Failing to perform an adequate investigation into whether Dr. Mendieta and his medical staff, agents, employees, and/or representatives were competent to perform Jenelle Butler's gluteal-silicone-removal procedure and warranted their endorsement;

    c.  Failing to properly and adequately investigate the safety record of, including prior allegations of malpractice by, Dr. Mendieta and his medical staff, agents, employees, and/or representatives; and

    d.  Failing to inform or warn Jenelle Butler about any reports, concerns, or allegations that their investigation should have revealed about the safety practices, unsatisfactory results, and poor record of adverse surgical outcomes associated with Dr. Mendieta.

62.     One or more of the Stage 29 Defendants knew, or in the exercise of reasonable care should have known, that if they failed to undertake appropriate measures to select a surgeon of competent medical capability to recommend for Jenelle Butler's gluteal-silicone-removal procedure, then there was an unacceptable risk that Jenelle Butler's procedure would be performed in a hazardous, careless manner such that there would be an unreasonable risk of harm to her.

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

63.     One or more of the Stage 29 Defendants knew or should have known that selecting Dr. Mendieta to remove Jenelle Butler's injected gluteal silicone posed an unacceptable risk of harm to Jenelle Butler.

64.     As a direct and proximate result of one or more of the Stage 29 Defendants' negligent acts and omissions, Dr. Mendieta was selected for Jenelle Butler's gluteal-silicone-removal procedure and Jenelle Butler consequently suffered severe injuries when Dr. Mendieta negligently conducted the procedure on January 16, 2018.  Jenelle Butler's injuries include, but are not limited to, bodily injury and resulting pain and suffering, disability, scarring, disfigurement, loss of consortium, lost wages, lost earning capacity, mental anguish, loss of capacity for the enjoyment of life, medical treatment, medical expenses, and all other damages to which she may be entitled to recover under applicable law. These injuries and losses are permanent and continuing, and Plaintiff Jenelle Butler will suffer these losses in the future.

WHEREFORE, Plaintiffs demand judgment against each of the Stage 29 Defendants for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

## COUNT II
## NEGLIGENT BREACH OF VOLUNTARY UNDERTAKING
## (AGAINST ALL "STAGE 29 DEFENDANTS")

65.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

66.     At all times material, one or more of the Stage 29 Defendants voluntarily undertook independent legal obligations to Jenelle Butler to (1) ensure that as to any medical care she received in connection with her participation in and/or appearance on "The Doctors," Jenelle Butler would be cared for "within and according to the appropriate professional standards, just as [she] would in any standard facility, hospital, or physician's office" and (2) ensure that she be given "clear and

16

specific information regarding the risks and benefits of any and all Medical Procedures as well as other information contained in appropriate [in]formed consent."

67.     One or more of the Stage 29 Defendants breached their voluntarily undertaken duties by, among other things:

a.  Failing to perform an adequate investigation into whether Constantino Mendieta, M.D., Constantino Mendieta, M.D., P.A., Giancarlo, LLC d/b/a Bellagiu Surgical Center, 4Beauty Aesthetics Institute, Inc., and/or PerfectBeauty Holdings, LLC ("the Mendieta Defendants") had in place, and followed, appropriate policies for the performance of plastic surgery in compliance with applicable standards of care;

b.  Failing to perform an adequate investigation into whether the Mendieta Defendants had an appropriate plan for the performance of Jenelle Butler's gluteal-silicone-removal procedure that would comply with applicable standards of care, including but not limited to (i) a pre-operative reading of an MRI of the affected region, (ii) pre-marking the patient prior to incisions in accordance with a plan; and (iii) an appropriately staged surgical plan that would not compromise blood flow to the region;

c.  Failing to ensure that the Mendieta Defendants had an appropriate plan for the performance of Jenelle Butler's gluteal-silicone-removal procedure that would comply with applicable standards of care, including but not limited to (i) a pre-operative reading of an MRI of the affected region, (ii) pre-marking the patient prior to incisions in accordance with a plan; and (iii) an appropriately staged surgical plan that would not compromise blood flow to the region;

d.  Failing to ensure Jenelle Butler received an appropriate consent form prior to her surgery; and/or

e.  Failing to ensure Jenelle Butler timely received post-operational medical assessment, attention, and treatment.

68.     One or more of the Stage 29 Defendants knew or in the exercise of reasonable care should have known that if they failed to undertake appropriate measures and steps to ensure that Dr. Mendieta treated Jenelle Butler "within and according to the appropriate professional standards" of medical care, then there was an unacceptable risk that Jenelle Butler's procedure

would be performed in a hazardous, careless manner such that there would be an unreasonable risk of harm to her.

69.     As a direct and proximate result of one or more of the Stage 29 Defendants' breaches of their voluntarily undertaken duties, Jenelle Butler did not receive the opportunity to provide appropriate informed consent, received treatment below the acceptable professional standards of medical care, and suffered severe damages. Jenelle Butler's said injuries include, but are not limited to, bodily injury and resulting pain and suffering, disability, scarring, disfigurement, loss of consortium, lost wages, lost earning capacity, mental anguish, loss of capacity for the enjoyment of life, medical treatment, medical expenses, and all other damages to which she may be entitled to recover under applicable law.  These injuries and losses are permanent and continuing, and Jenelle Butler will suffer these losses in the future.

WHEREFORE, Plaintiffs demand judgment against each of the Stage 29 Defendants for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

## COUNT III
## NEGLIGENCE (MEDICAL MALPRACTICE)
## CONSTANTINO G. MENDIETA, M.D.

70.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

71.     At all times material, Dr. Mendieta owed Jenelle Butler a duty of care to provide competent medical treatment and services within the standard of professional care for a reasonably prudent health care provider.

72.     At all times material, Dr. Mendieta and his staff, employees, agents, and/or representatives owed a duty to Jenelle Butler to, among other things:

18

a.  Provide her with quality medical care and operate on her in a safe and proper manner that falls within appropriate professional standards of medical care;

b.  Accurately and timely diagnose Jenelle Butler prior to her surgery;

c.  Provide Jenelle Butler with information material to her assessment of giving informed consent prior to surgery;

d.  Provide her a consent form regarding the removal of foreign bodies in her buttocks;

e.  Review her radiological films prior to performing her surgery;

f.  Make pre-operative surgical markings on her gluteus and adjoining areas to guide a properly planned surgery;

g.  Properly instruct her to take appropriate pharmacological substances before surgery;

h.  Carefully make incisions during surgery so as not to sever necessary blood vessels or cause other foreseeable complications;

i.  Make surgical incisions in proper locations to avoid compromising blood flow;

j.  Administer necessary antibiotics during surgery;

k.  Provide appropriate post-operative wound-care instructions and treatment; and

l.  Prescribe post-operative antibiotics in a timely manner.

73.     At all times material, Dr. Mendieta, and his staff, employees, agents, and/or representatives, breached the duty of care owed to Jenelle Butler in several ways, including, but not limited to:

a.  Failing to provide Jenelle Butler with quality medical care and failing to operate on her in a safe or proper manner that fell within appropriate professional standards of medical care;

19

b.  Failing to accurately diagnose Jenelle Butler prior to her surgery;

c.  Failing to provide her with sufficient materials prior to surgery to provide appropriate and valid informed consent;

d.  Failing to provide her with a consent form regarding the removal of foreign bodies in her buttocks;

e.  Neglecting to review radiological images of her buttocks prior to her surgery;

f.  Failing to make pre-operative surgical markings on her gluteus;

g.  Instructing her to take "Arnica," a substance known to cause bleeding, prior to her surgery;

h.  Negligently making surgical incisions to her gluteus during surgery;

i.  Making surgical incisions in locations that foreseeably compromised blood flow to the surgical site;

j.  Neglecting to administer any antibiotics during her surgery, other than the antibiotic used to disinfect fat suctioned out for transfer;

k.  Failing to provide reasonable post-operative wound-care instructions and treatment; and

l.  Failing to prescribe post-operative antibiotics until eight days following the surgery.

74.     Jenelle Butler's injuries were preventable and were a direct and proximate result of Dr. Mendieta's negligence.

75.     As a direct and proximate result of Dr. Mendieta's negligence, Plaintiff Jenelle Butler suffered severe injuries, which include, but are not limited to, bodily injury and resulting pain and suffering, disability, scarring, disfigurement, loss of consortium, lost wages, lost earning capacity, mental anguish, loss of capacity for the enjoyment of life, medical treatment, medical expenses, and all other damages to which Plaintiff Jenelle Butler may be entitled to recover under

20

applicable law. These injuries and losses are permanent and continuing, and Plaintiff Jenelle Butler will suffer these losses in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant Constantino G. Mendieta, M.D. for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

### COUNT IV
### VICARIOUS LIABILITY
### (AGAINST CONSTANTINO G. MENDIETA, M.D., P.A.)

76.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

77.     Upon information and belief, Defendant Constantino G. Mendieta, M.D., P.A. was and is owned, operated, managed, and maintained by Dr. Mendieta and is in the business of providing medical care and services.

78.     Upon information and belief, Dr. Mendieta was and is an employee or agent of and/or joint venturer with Defendant Constantino G. Mendieta, M.D., P.A.

79.     At all times material, Defendant Dr. Mendieta was acting in the course and scope of his employment or venture with Defendant Constantino G. Mendieta, M.D., P.A. and for the beneficial interest or to further a purpose or interest of Defendant Constantino G. Mendieta, M.D., P.A.

80.     At all times material, Dr. Mendieta, and his medical staff, agents, employees, and/or representatives who directly or indirectly treated or otherwise serviced Jenelle Butler, were under the power and control of Defendant Constantino G. Mendieta, M.D., P.A., and/or Defendant Constantino G. Mendieta, M.D., P.A. had the right to control Dr. Mendieta and any members of his staff who attended to Jenelle Butler regarding her gluteal-silicone-removal procedure.

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

81.     As set forth in more detail, *infra*, at paragraphs 71 through 75, which are expressly incorporated herein by reference, Dr. Mendieta breached various duties of care owed to Jenelle Butler, which caused her to suffer severe damages.

82.     Defendant Constantino G. Mendieta, M.D., P.A. is vicariously liable to Jenelle Butler under the doctrine of *respondeat superior* for the negligence of Dr. Mendieta and any other of its employees or agents who caused or contributed to Jenelle Butler's injuries while acting in the course and scope of employment or venture with Constantino G. Mendieta, M.D., P.A. and/or for the beneficial interest or to further a purpose or interest of Constantino G. Mendieta, M.D., P.A.

WHEREFORE, Plaintiffs demand judgment against Defendant Constantino G. Mendieta, M.D., P.A. for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

### COUNT V
### VICARIOUS LIABILITY
### (AGAINST 4BEAUTY AESTHETICS INSTITUTE, INC.)

83.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

84.     Upon information and belief, Defendant 4BEAUTY AESTHETICS INSTITUTE, INC. ("4BEAUTY") was and is owned, operated, managed, and maintained by Dr. Mendieta and is in the business of providing medical care and services.

85.     Upon information and belief, Dr. Mendieta was and is an employee or agent of and/or joint venturer with Defendant 4BEAUTY.

86.     At all times material, Dr. Mendieta was acting in the course and scope of his employment or venture with Defendant 4BEAUTY and for the beneficial interest or to further a purpose or interest of 4BEAUTY.

22

87.     At all times material, Dr. Mendieta, and his medical staff, agents, employees, and/or representatives who directly or indirectly treated or otherwise serviced Jenelle Butler, were under the power and control of Defendant 4BEAUTY, and/or Defendant 4BEAUTY had the right to control Dr. Mendieta and any members of his staff who attended to Jenelle Butler regarding her gluteal-silicone-removal procedure.

88.     As set forth in more detail, *infra*, at paragraphs 71 through 75, which are expressly incorporated herein by reference, Dr. Mendieta breached various duties of care owed to Jenelle Butler, which caused her to suffer severe damages.

89.     Defendant 4BEAUTY is vicariously liable to Jenelle Butler under the doctrine of *respondeat superior* for the negligence of Dr. Mendieta and any other of its employees, agents, and/or representatives who caused or contributed to Jenelle Butler's injuries while acting in the course and scope of employment or venture with 4BEAUTY and/or for the beneficial interest or to further a purpose or interest of 4BEAUTY.

WHEREFORE, Plaintiffs demand judgment against Defendant 4BEAUTY Aesthetics Institute, Inc. for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

### COUNT VI
### VICARIOUS LIABILITY
### (AGAINST GIANCARLO, LLC d/b/a BELLAGIU SURGICAL CENTER)

90.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

91.     Upon information and belief, Defendant GIANCARLO, LLC d/b/a BELLAGIU SURGICAL CENTER, INC. ("BELLAGIU") was and is owned, operated, managed, and maintained by Dr. Mendieta and is in the business of providing medical care and services.

23

92.     Upon information and belief, Dr. Mendieta was and is an employee or agent of and/or joint venturer with Defendant BELLAGIU.

93.     At all times material, Dr. Mendieta was acting in the course and scope of his employment or venture with Defendant BELLAGIU and for the beneficial interest or to further a purpose or interest of BELLAGIU.

94.     At all times material, Dr. Mendieta, and his medical staff, agents, employees, and/or representatives who directly or indirectly treated or otherwise serviced Jenelle Butler, were under the power and control of Defendant BELLAGIU, and/or Defendant BELLAGIU had the right to control Dr. Mendieta and any members of his staff who attended to Jenelle Butler regarding her gluteal-silicone-removal procedure.

95.     As set forth in more detail, *infra*, at paragraphs 71 through 75, which are expressly incorporated herein by reference, Dr. Mendieta breached various duties of care owed to Jenelle Butler, which caused her to suffer severe damages.

96.     Defendant BELLAGIU is vicariously liable to Jenelle Butler under the doctrine of *respondeat superior* for the negligence of Dr. Mendieta and any other of its employees, agents, and/or representatives who caused or contributed to Jenelle Butler's injuries while acting in the course and scope of employment or venture with BELLAGIU and/or for the beneficial interest or to further a purpose or interest of BELLAGIU.

WHEREFORE, Plaintiffs demand judgment against Defendant Giancarlo, LLC d/b/a BELLAGIU Surgical Center, Inc. for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

**COUNT VII**
**VICARIOUS LIABILITY**
**(AGAINST PERFECTBEAUTY HOLDINGS, LLC)**

24

97.     Plaintiffs adopt and re-allege paragraphs 1 through 54 as if fully set forth herein.

98.     Upon information and belief, Defendant PERFECT BEAUTY HOLDINGS, LLC ("PerfectBeauty") was and is owned, operated, managed, and maintained by Dr. Mendieta and is in the business of providing medical care and services.

99.     Upon information and belief, Dr. Mendieta was and is an employee or agent of and/or joint venturer with Defendant PerfectBeauty.

100.    At all times material, Dr. Mendieta was acting in the course and scope of his employment or venture with Defendant PerfectBeauty and for the beneficial interest or to further a purpose or interest of PerfectBeauty.

101.    At all times material, Dr. Mendieta, and his medical staff, agents, employees, and/or representatives who directly or indirectly treated or otherwise serviced Jenelle Butler, were under the power and control of Defendant PerfectBeauty, and/or Defendant PerfectBeauty had the right to control Dr. Mendieta and any members of his staff who attended to Jenelle Butler regarding her gluteal-silicone-removal procedure.

102.    As set forth in more detail, *infra*, at paragraphs 71 through 75, which are expressly incorporated herein by reference, Dr. Mendieta breached various duties of care owed to Jenelle Butler, which caused her to suffer severe damages.

103.    Defendant PerfectBeauty is vicariously liable to Jenelle Butler under the doctrine of *respondeat superior* for the negligence of Dr. Mendieta and any other of its employees, agents, and/or representatives who caused or contributed to Jenelle Butler's injuries while acting in the course and scope of employment or venture with PerfectBeauty and/or for the beneficial interest or to further a purpose or interest of PerfectBeauty.

25

WHEREFORE, Plaintiffs demand judgment against Defendant Perfect Beauty Holdings, LLC for damages, interest, and all other relief permitted under applicable law. Plaintiffs further demand trial by jury on all issues triable as a right to trial by jury.

## COUNT VIII
## LOSS OF CONSORTIUM
## (BY PLAINTIFF CREZDON BUTLER AGAINST ALL DEFENDANTS)

104.    Plaintiff CREZDON BUTLER adopts and re-alleges paragraphs 1 through 54 as if fully set forth herein.

105.    At all times material, Plaintiff CREZDON BUTLER was and is the lawful spouse of Plaintiff Jenelle Butler and, as such, is entitled to the aid, comfort, and consortium of Plaintiff Jenelle Butler.

106.    As a direct and proximate result of the Defendants' negligence and otherwise injurious conduct, as alleged in each preceding Count (Counts I–VII), Plaintiff Jenelle Butler suffered serious and permanent injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, scarring, disfigurement, lost earnings and earning capacity, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and other damages. These injuries and losses are permanent and continuing, and Plaintiff Jenelle Butler will suffer these losses into the future.

107.    As a direct and proximate result of the serious and disabling injuries sustained by Plaintiff Jenelle Butler and described above, Plaintiff Crezdon Butler has lost the consort, companionship, society, affection, services, solace, and support of his spouse.

WHEREFORE, Plaintiff Crezdon Butler demands judgment against Defendants for compensatory damages, interest, and all other relief permitted under applicable law. Plaintiff Crezdon Butler further demands a trial by jury on all issues triable by jury as a right.

26

## PRAYER FOR RELIEF AND JURY TRIAL DEMAND

WHEREFORE, Plaintiffs JENELLE BUTLER and CREZDON BUTLER demand judgment for damages against Defendants STAGE 29 PRODUCTIONS, LLC; STAGE 29 MEDIA PRODUCTIONS, INC.; STAGE 29 ENTERTAINMENT GROUP, LLC; STAGE 29 MEDIA PRODUCTIONS, LLC; CONSTANTINO G. MENDIETA, M.D.; CONSTANTINO G. MENDIETA, M.D., P.A.; GIANCARLO, LLC d/b/a BELLAGIU SURGICAL CENTER; 4BEAUTY AESTHETICS INSTITUTE, INC.; and PERFECTBEAUTY HOLDINGS, LLC, together with the costs of this action and such further relief as the Court deems proper.  Plaintiffs further demand trial by jury of all issues so triable as of right.

Dated:  January 14, 2020

Respectfully submitted,

*/s/  Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 131458
Kristina Infante
Florida Bar No. 112557
PODHURST ORSECK, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 358-2800
www.podhurst.com

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346                www.podhurst.com