UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-20239-Civ-COOKE/GOODMAN

JENELLE BUTLER, *et al.*,

    Plaintiffs,

    v.

STAGE 29 PRODUCTIONS, LLC, *et al.*,

    Defendants.
_____/

**CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER[1]**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Rule 5.4 of the Local Civil Rules ("L. Civ. R."), and the Undersigned's Discovery Procedures Order [ECF No. 10, pp. 10-15], Plaintiffs Jenelle Butler and Crezdon Butler (collectively, "Plaintiffs"), Defendants Constantino G. Mendieta, M.D., Constantino G. Mendieta, M.D., P.A., 4Beauty Aesthetics Institute, Inc., PerfectBeauty Holdings, LLC, Giancarlo, LLC, d/b/a Bellagiu Surgical Center (collectively, the "Medical Defendants") and defendant Stage 29 Productions, Inc. ("Stage 29") (collectively, the "Parties") (each of whom individually may be called a "Party" and may collectively be called the "Parties") agree that discovery in the above-captioned case may result in the disclosure

---

[1]     The Undersigned modified the proposed stipulated protective order, particularly in numbered paragraphs 6, 12, 14, and 17.

1

of confidential information. Consequently, the Parties have agreed to a Stipulated Confidentiality Agreement/Protective Order [ECF No. 37-1], to govern the disclosure and use of documents and testimony produced or offered by a Party or non-party that such Party or non-party regards as appropriately deemed confidential.

Accordingly, pursuant to the Parties' stipulation, the Court enters this Confidentiality Order on the following terms:

1. "Confidential Information" means certain documents and information that (a) are not generally known to others and have competitive value, such that unrestricted disclosure to others would create a substantial risk of serious injury; (b) constitute proprietary financial, technological or otherwise commercially sensitive competitive information that the producing party maintains as confidential in its business; (c) is of a personal and sensitive nature whether financial or otherwise; (d) pertains to financial or other personal information relating to a Party's employees; (e) is subject to binding confidentiality restrictions in connection with another case or matter; or (f) the Parties otherwise agree can be designated as "Confidential." In designating information or items as "Confidential," the designating party shall make such designation only as to that information that it in good faith believes to be Confidential Information

2. "Confidential" information shall not include information that is (a) independently developed without use of or reliance upon "Confidential" or "Highly Confidential" material produced by another party; (b) rightfully acquired from an

independent source, without restrictions as to use or obligations as to confidence; (c) was, prior to disclosure, rightfully in the possession or knowledge of the receiving Party; (d) is publicly available in substantially the same form in which it was provided by the producing Party claiming confidentiality; or (e) was, is or becomes public knowledge, not in violation of this Order.

3. The Parties shall designate Confidential Information by marking the documents and/or file names (as in the case of certain types of native electronic documents) as "Confidential" or by notifying the other party in writing that such classification pertains to specific documents or by designating Confidential Information as such on the record during a deposition.

4. Confidential Information may be disclosed solely to the following persons:

(a) The Parties to this lawsuit;

(b) Counsel of record in this action, and the attorneys and employees in the respective law firms of such counsel who are assisting counsel of record in this action;

(c) Persons, including outside technical consultants, experts or appraisers and members of their staff, who are assisting counsel and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the matters at issue in this action, provided, however, that such person (i) has signed a Confidentiality Affidavit prior to viewing or hearing any such Confidential Information; and (ii) complies with this Confidentiality Agreement in

its entirety. Each Confidentiality Affidavit shall be retained by counsel for the party producing the Confidential Information to any such person, and, in recognition of the attorney-client privilege and the work-product privilege will only be subject to inspection upon court order;

        (d)    Court personnel and court reporters, as to whom it is necessary to disclose the Confidential Information for the purpose of adducing testimony in this action;

        (e)    Any witness or prospective witness prior to or during any deposition or pre-trial hearing, if reasonably necessary for the purpose of adducing testimony in this action; provided, however, that such person (i) has signed a Confidentiality Affidavit prior to viewing or hearing any such Confidential Information; and (ii) complies with this Confidentiality Agreement in its entirety; and

        (f)    Employees and agents of the Parties for purposes consistent with this Agreement.

        5.    Persons having knowledge of Confidential Information by virtue of their participation in this action shall use that Confidential Information for purposes of this action only and not for any other purpose, and shall not disclose such Confidential Information to any person or entity. However, nothing shall prevent disclosure beyond the terms of this Agreement if a party is legally obligated to disclose such information by court order, or as is necessary in communications with auditors retained by any party, or

federal or state regulators. Nothing in this Agreement shall prevent any producing party from itself voluntarily disclosing its own Confidential Information to any person, except as otherwise required by law, by court order, or otherwise as required by law or lawful regulations.

6. Any party served with a subpoena or other notice compelling the production of any Confidential Information is obligated within ten (10) business days to advise, in writing, all other Parties to this Agreement of such subpoena or other notice. Except as otherwise required by law, the party served with the subpoena or other notice shall not produce the Confidential Information until the later of ten (10) business days after advising the other Parties to this Agreement, in writing, of the subpoena or other notice, or (b) resolution of any application for court relief, in accordance with the Undersigned's Discovery Procedures Order [ECF No. 10, pp. 10-15], made with respect to that subpoena or notice. Such writing must be sent by overnight mail to the following:

**If to Plaintiffs**

Stephen Rosenthal
Podhurst Orseck, P.A.
Suntrust International Center
One SE Third Avenue, Suite 2300
Miami, FL 33131
SROSENTHAL@podhurst.com

**If to the Medical Defendants**
Mark A. Leibowitz, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Boulevard, 4th Fl.

5

Miami, Florida 33156
mark.leibowitz@qpwblaw.com

**If to Stage 29**

Frederick Hasty, III
Wicker Smith
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
fhasty@wickersmith.com

Sanford L. Bohrer
Holland & Knight
701 Brickell Avenue, Suite 3300
Miami, FL  33131
Sandy.Bohrer@hklaw.com

Kelli Sager
Davis Wright Tremaine LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017
kellisager@dwt.com

The party to this Agreement that designated the Confidential Information as such may object to the production of the Confidential Information in response to the subpoena or other notice in accordance with the Undersigned's Discovery Procedures Order [ECF No. 10, pp. 10-15].

7. In addition to the other limitations contained in this Agreement, any party may specifically designate information or documents as "Highly Confidential – Attorneys' Eyes Only."  Documents or information that qualify for this designation are those that the producing party believes are of a particularly sensitive nature or that the

Parties otherwise agree can be designated as such. The provisions of this Agreement shall apply and be observed with respect to documents and information designated "Highly Confidential – Attorneys' Eyes Only." In addition, however, information designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed <u>only</u> to the persons referred to in Paragraphs 4(b) through 4(d) or, in the case of a document, to the party or person that produced the document, but may <u>not</u> be disclosed to persons referred to in Paragraphs 4(a), (e) and (f) above or any other persons, except as set forth by further written agreement of the designating party.

8. The Parties shall take reasonable and necessary steps to maintain the security of any information designated as "Confidential" and/or "Highly Confidential" (collectively, Classified Information) and will limit access to the Confidential Information only to those persons listed in paragraph 4 of this Agreement, or, as to information designated as "Highly Confidential – Attorneys' Eyes Only," only to those persons listed in paragraph 7 of this Agreement, provided, however, that nothing in this Agreement shall restrict the ability of any producing party, in the case of documentary evidence, or of any designating party, in the case of testimonial evidence, including his/her/its employees, partners, agents, attorneys, or any third party not subject to this Agreement to whom the producing party may disclose Classified Information, to use Classified Information which the producing party has supplied in this action, except as otherwise required by law.

9. The inadvertent or unintentional disclosure of Classified Information by the producing party shall not be deemed as a waiver, in whole or in part, of the producing party's claim of confidentiality, either as to the specified information disclosed or as to any other information relating thereto.

10. Except as agreed in writing by counsel of record for the Parties, to the extent that any Classified Information is quoted, attached to any pleading, motion, memoranda, appendix or other filing in connection with this action, admitted into evidence or referenced in sufficient detail to disclose Classified Information, the same shall be maintained and shall be designated and treated as Classified Information subject to this Agreement and such Classified Information must be filed under seal.

11. If Classified Information is used during the trial of this action or during depositions, then such Classified Information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect the confidentiality of the Classified Information, except as provided in paragraph 13 herein.

12. Nothing herein shall prevent any of the Parties from objecting to discovery that they believe to be otherwise improper or shall be construed to affect in any manner the admissibility at the hearing of any document, testimony or other evidence. The Parties shall abide by the Undersigned's Discovery Procedures Order. [ECF No. 10, pp. 10-15]. Nothing herein shall restrict the use of any evidence at the trial of this action,

whether or not it contains information designated as Confidential.

13. Upon the conclusion of this action, at the written request of the producing party, all Classified Information and any and all copies thereof, shall be destroyed, deleted from all electronic and digital storage media and servers, or returned within thirty (30) days to such producing party, in accordance with the producing party's request (or the designating party in the case of testimonial evidence).  At the written request of the producing party (or the designating party in the case of testimonial evidence), any person or entity having custody or control of recordings, transcripts, notes, photographs, memoranda, summaries or other writings, and all copies thereof, relating to or containing Classified Information shall deliver to the producing party (or designating party in the case of testimonial evidence) a certification that reasonable efforts have been made to assure that all such Classified Information, any copies thereof, any and all recordings, transcripts, notes, memoranda, photographs, summaries, or other writings regarding the Classified Information (except for attorney work-product) have been destroyed, deleted in the case of digital and electronic information, or delivered in accordance with the terms of this Agreement.  Insofar as this Agreement restricts the use of Confidential Information, this Agreement shall continue to be binding after the conclusion of this action.

14. In the event that any party to this action disagrees with the designation by the producing party of any information as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only," that objecting party shall attempt first to resolve such dispute in good faith with the producing party.  If the dispute cannot be resolved amongst the Parties, then the party objecting to the designation may seek appropriate relief from the Court, in accordance with the Undersigned's Discovery Procedures Order [ECF No. 10, pp. 10-15].

15. The Parties acknowledge and agree that serious injury could result to any party and its business if the other party commits an intentional violation of this Agreement.  Therefore, each party agrees that violations of this Agreement shall be enforceable by specific performance and/or injunctive relief, in addition to any other remedies and damages that would be available at law or equity.  In addition to the foregoing, in the event of a proven intentional violation of this Agreement by either party or others designated in paragraphs 4 and 7 hereof, the offending party or persons may be subject to sanctions.

16. The terms of this Agreement may be amended or modified only by written agreement of the Parties.

The Parties agree that they are bound by the terms of this Agreement starting at the time of its execution.  Should the Court reject the terms of this Agreement as the governing Protective Order, in whole or in part, the Parties agree that they will still abide by the Agreement and work together with one another and the Court to enter a suitable Protective Order with substantially similar terms.

17. As required under Local Rule 5.4, any party seeking to file information or documents under seal shall file a motion to file under seal and support such a motion with specific reasons to justify it. This Confidentiality Order binds the Parties, not the Court, and all Parties still must comply with the requirements of Local Rule 5.4, the Undersigned's Discovery Procedures Order [ECF No. 10, pp. 10-15], and Sections 5A, 9A-B, and 9D of the CM/ECF Administrative Procedures when seeking to seal any document.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Marcia G. Cooke
All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-20239-Civ-COOKE/GOODMAN

JENELLE BUTLER, *et al.*,

    Plaintiffs,

        v.

STAGE 29 PRODUCTIONS, LLC, *et al.*,

    Defendants.

_____/

**CONSENT TO BE BOUND BY**
**CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER**

    The undersigned hereby certifies that she or he has read the Confidentiality Agreement/Protective Order in this action and agrees to be bound by it and that he or she voluntarily submits to the personal jurisdiction of the Southern District of Florida, for purposes of the enforcement of the above-specified Confidentiality Agreement/Protective Order and the imposition of any sanctions for contempt thereof by the undersigned.

Dated:_____                _____

                                                                                      [Signature]

STATE OF _____    )
                                    )  SS:
COUNTY OF _____    )

The foregoing instrument was acknowledged before me this \_\_\_\_\_ _____ in the year 2020, by _____, personally known to me, or who has produced _____ identification.

NOTARY SEAL    Notary: _____
               Print Name: _____
               Notary Public, State of _____
               My commission expires: _____